UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MICHAEL ANTHONY CERNAK,<br><br>Defendant. | Case No. 2:03-cr-00534-KJD<br>2:17-cv-00762-KJD<br><br>ORDER |

Presently before the Court is Petitioner Michael Anthony Cernak's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion") (#139/164). The Government filed responses and supplements in opposition (#141/165) to which Petitioner replied (#143).

I. BACKGROUND

On September 18, 2006, Petitioner pleaded guilty to six counts of armed bank robbery and one count of possession of a firearm during and in relation to a crime of violence. On December 11, 2006 the Court entered Judgment against Defendant on those counts. The Court sentenced Petitioner to two hundred four (204) months imprisonment on the six armed bank robbery counts to be followed by a consecutive eighty-four month (84) term on the possession of a firearm during a crime of violence count.

On March 16, 2017, Petitioner filed the present 2255 motion, arguing that his sentence violates due process because it is based on an unconstitutionally vague portion of 18 U.S.C. § 924(c). Petitioner's vagueness argument relies on Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the U.S. Supreme Court ruled that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. Johnson, 135 S. Ct. at 2557. Petitioner accordingly points to language in § 924(c)'s residual clause, which is identical to that of the

ACCA's residual clause, for the proposition that both provisions, and any convictions and sentences arising therefrom, are invalid.

After the ruling in Johnson, the Ninth Circuit issued its decision in United States v. Blackstone, 903 F.3d 1020, 1028–29 (9th Cir. 2018), cert. denied, 139 S. Ct. 2762 (2019). As pertinent to this case, the Ninth Circuit held that Johnson had not been extended to sentences imposed pursuant to § 924(c). Id. at 1028. Consequently, a 2255 motion seeking to invalidate a § 924 conviction based on Johnson, would therefore be untimely. Id. at 1028, 1029 ("The Supreme Court may hold in the future that Johnson extends to sentences imposed ... pursuant to [§ 924(c)], but until then [the petitioner's] motion is untimely."). However, the Ninth Circuit Court of Appeals granted Petitioner leave to file this successive 2255 motion and the United States no longer opposes it on timeliness grounds.

## II. Legal Standard

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." Id.; see United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." Id. § 2255(f)(3).

## IV. Analysis

Petitioner argues that his sentence for Possession of a Firearm in Furtherance of a Crime of Violence arose under an unconstitutionally vague provision of 18 U.S.C. § 924(c). Title 18 United States Code Section 924(c) criminalizes the use or carrying of a firearm in relation to a "crime of violence," and it imposes mandatory minimum sentences that must run consecutive to any other sentence. An offense may qualify as a crime of violence under § 924(c) through either

of two clauses: § 924(c)(3)(A) or § 924(c)(3)(B). Section 924(c)(3)(A), also known as the statute's "force clause," applies if an individual is convicted of a predicate crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." By contrast, § 924(c)(3)(B), known as the "residual clause" of the statute, is much broader; it applies if the individual is convicted of any predicate felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The U.S. Supreme Court recently invalidated § 924(c)(3)(B) after holding that its language is unconstitutionally vague. See United States v. Davis, 139 S. Ct. 2319, 2335–36 (2019). However, the force clause, § 924(c)(3)(A), has not been deemed unconstitutional.

Here, Petitioner argues that his sentence based on Possession of a Firearm in Furtherance of a Crime of Violence violates due process because the Court imposed it under the unconstitutionally vague residual clause, 18 U.S.C. § 924(c)(3)(B). To make that argument, Petitioner points to his predicate offense of Armed Bank Robbery in violation of 18 U.S.C. § 2113. He claims that Armed Bank Robbery is not a crime of violence by its elements, and thus his sentence enhancement for that predicate crime under Section 924(c) must have arisen from the unconstitutional residual clause. The Ninth Circuit in United States v. Watson, 881 F.3d 782 (9th Cir.), cert. denied, 139 S. Ct. 203 (2018), rejected the same arguments made by Petitioner when it held that federal armed bank robbery constitutes a crime of violence by its elements. 881 F.3d at 786. Petitioner's conviction for Armed Bank Robbery therefore implicates the force clause, 18 U.S.C. § 924(c)(3)(A), not the unconstitutional residual clause—rendering Petitioner ineligible for relief on the grounds argued in his 2255 Motion. Accordingly, the Court denies Petitioner's § 2255 motions.

Additionally, the Court will not issue a certificate of appealability, which is required for Petitioner to proceed with an appeal of this Order. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950–51 (9th Cir. 2006); see also United States v. Mikels, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v.

McDaniel, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Slack, 529 U.S. at 483–84. The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court therefore denies Petitioner a certificate of appealability.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that Petitioner Michael Anthony Cernak's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#139/164) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Respondent and against Petitioner in the corresponding civil action, 2:17-cv-0762-KJD, and close that case;

IT IS FURTHER ORDERED that Petitioner is **DENIED** a Certificate of Appealability.

DATED this 31st day of March 2020.

Kent J. Dawson
United States District Judge